CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 15, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| John Benjamin Rodgers,<br><br>Plaintiff,<br><br>v.<br><br>Middle River Regional Jail *et al.*,<br><br>Defendants. | ) | Civil Action No. 7:26-cv-00475 |

**MEMORANDUM OPINION AND ORDER**

John Benjamin Rodgers, a Virginia inmate acting *pro se*, filed this action under 42 U.S.C. § 1983. (Compl. (Dkt. 1).) Rodgers has sued the Middle River Regional Jail and three alleged employees of the jail. Defendants entered a special appearance by counsel[1] and moved to dismiss the complaint, or in the alternative, for an order to show cause. (Dkts. 12, 13.) Defendants argue that the complaint should be dismissed for want of prosecution because Rodgers failed to update the court with a current address. This motion will be denied for the following reasons.

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, "a court has the 'inherent power' to dismiss an action for want of prosecution." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir.

[1] Defendants have not waived their rights under Rule 4 and 5 of the Federal Rules of Civil Procedure and reserved their right to file any responsive pleadings following proper service or waiver of service.

2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). The Fourth Circuit Court of Appeals has identified "four criteria that guide a district court's discretion in dismissing a case under Rule 41(b)." *Id.* These criteria are: (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of less drastic sanctions than dismissal. *Id.* These criteria are not rigid, and the "propriety of an involuntary dismissal ultimately depends on the facts of each case." *Id.* (internal quotation omitted).

Rodgers filed this action on June 12, 2026. (*See* Compl.) On June 15 and July 7, 2026, the court entered conditional filing orders which, among other things, ordered that Rodgers must notify the court in writing upon his transfer or release and provide a new address. (Dkts. 4, 6.) The orders warned that "FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE." (Dkt. 4 at 3.) Rodgers complied with the conditional filing orders by submitting a consent to fee form on July 20, 2026. (Dkt. 7.) However, mail sent to Rodgers was returned to the court as undeliverable on August 17, 2026. (Dkt. 10.) This misstep forms the basis for Defendants' motion to dismiss. (Dkt. 13.) Defendants argue that the court should dismiss this action due to Rodgers' failure to comply with the court's orders. (*Id.* at 3–4.)

After Defendants moved to dismiss, Rodgers has provided the court with an updated address. (Dkt. 16.) Rodgers has also complied with an order to pay the full filing fee due to his apparent release from incarceration. (Dkt. 17.) Further, Rodgers complied with the court's orders by submitting a consent to fee form. (Dkt. 7.) Thus, the record does not

reflect that Rodgers has a history of dilatory action in this case. While Rodgers may not have immediately updated his address, the court is not inclined to punish Rodgers given his *pro se* status and compliance with its orders.

The court also notes that Defendants have not explained or articulated any prejudice due to Rodgers' initial failure to maintain an updated address. Defendants recognize their duty avoid the expense of serving the summons pursuant to Rule 4(d), but argue that Plaintiff's failure to comply with the court's orders constitutes good cause for their failure to waive service. *See* Fed. R. Civ. P. 4(d)(2).[2] However, the court finds no prejudice to Defendants given plaintiff's compliance with the court's orders, both before and after Defendants' filing of their motion to dismiss. Thus, the court will not dismiss this action for want of prosecution.

For these reasons, Defendants' motion to dismiss (Dkt. 12) is **DENIED**. The Clerk is **DIRECTED** to send requests for waiver of service to counsel of record for Defendants. The Clerk is also **DIRECTED** to send a copy of this Memorandum Opinion and Order to Rodgers and to counsel for Defendants.

**IT IS SO ORDERED.**

**ENTERED** this 15th day of October, 2026.

/s/ Jasmine H. Yoon

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[2] The court expresses no opinion as to whether Defendants had good cause for their failure to waive service initially or whether they would have good cause for not waiving service going forward in this case.